UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBY E. PINEDA,

    Plaintiff,

v.   Case No: 8:25-cv-587-CEH-CPT

MICHEL LAW, LLC, d/b/a LEVEL ONE LAW,

    Defendant.

_____

## ORDER

This cause comes before the Court *sua sponte*. In this action, Plaintiff alleges violations of the Credit Repair Organizations Act, 15 U.S.C. § 1679, and related causes of action under Tennessee Law. For the reasons articulated below, the Complaint constitutes a shotgun pleading. Therefore, the Court will dismiss the Complaint and grant Plaintiff leave to file an Amended Complaint that complies with the pleading rules.

## DISCUSSION

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland*, 792 F.3d at 1321. The first and most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry

all that came before and the last count to be a combination of the entire complaint." *Id.* Further, a complaint that fails to separate "into a different count each cause of action or claim for relief" constitutes the third general type of shotgun pleadings. *Id.* at 1322–33; *see also Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011) (noting that shotgun pleadings lump claims together in one count); *Kennedy v. Bell S. Telecomm., Inc. (AT&T)*, 546 F. App'x 817, 818, 820 (11th Cir. 2013) (recognizing a "one-claim-per-count rule" under Fed. R. Civ. P. 10(b)).

Ultimately, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) ("A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'").

The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (internal quotation marks omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of pleading. When faced with a shotgun pleading, a court should strike the complaint and instruct the plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling*

*Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

Here, the Complaint is the first and third type of shotgun pleading.[1] Each count incorporates the allegations of every prior count, rendering the final count a combination of the entire complaint. Doc. 1 ¶¶ 43, 52, 59, 65, 73, 78. In addition, Count I commingles several claims into a single count. *Id.* ¶¶ 33-42. Although all the claims within Count I allege violations of the Credit Repair Organizations Act, the violations they allege rest upon distinct statutory subsections, distinct alleged conduct by Defendant, and distinct alleged harm to Plaintiff. Plaintiff's assertion of multiple claims for relief in a single count is impermissible under Fed. R. Civ. P. 10(b). *See Kennedy*, 546 F. App'x at 819-20.

The Court will therefore dismiss the Complaint and grant Plaintiff leave to file an Amended Complaint which conforms to the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an Amended Complaint, Plaintiff must avoid shotgun pleading pitfalls and comply with applicable pleading requirements.

Accordingly, it is **ORDERED**:

1. The Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff is granted leave to file an Amended Complaint within **FOURTEEN (14) DAYS** from the date of this order, which must correct the deficiencies discussed herein. **Failure to file an Amended Complaint within the time**

---

[1] The Court also notes that the Complaint contains two counts that are labeled Count III. *See* Doc. 1 p. 10, 11.

**provided will result in the dismissal of this action, without prejudice, without further notice**.

**DONE** and **ORDERED** in Tampa, Florida on March 21, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties