**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | | |
|---|---|---|
| RUBY E. PINEDA,<br><br>Plaintiff,<br><br>v.<br><br>MICHEL LAW, LLC d/b/a LEVEL ONE LAW,<br><br>Defendant. | ) | Case No.: 8:25-cv-00587 |

**<u>DEFENDANT'S ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES</u>**

Defendant Michel Law, LLC d/b/a Level One Law ("Level One") states as follows for its answer and affirmative defenses to the First Amended Complaint filed by Plaintiff Ruby E. Pineda:

**NATURE OF ACTION**

1. Paragraph 1 asserts only legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations, Level One denies them and further denies that Plaintiff's claims have merit.

**JURISDICTION AND VENUE**

2. Paragraph 2 asserts only legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations, Level One denies them.

3. Paragraph 3 asserts only legal conclusions to which no answer is required. To the extent that this paragraph contains factual allegations, Level One denies them.

**PARTIES**

4. Level One lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore, denies the same.

5. Level One admits that it is a law firm that provides legal services to its clients, and its address is 100 South Ashley Drive, Suite 600, Tampa, FL 33602. Level One denies the remaining allegations in Paragraph 5.

**FACTUAL ALLEGATIONS**

6. Level One lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore, denies the same.

7. Level One lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore, denies the same.

8. Level One lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore, denies the same.

9. Level One lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 and therefore, denies the same.

10. Level One denies the allegations in Paragraph 10.

11. Level One denies the allegations in Paragraph 11.

12. Level One lacks knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore, denies the same.

13. Level One denies the allegations in Paragraph 13.

14. Level One admits that it entered into a Retainer Agreement with Plaintiff ("Retainer Agreement") for legal services on or around May 2023. The allegations of Paragraph 14 regarding the terms of that contract relate to a written agreement that speaks for itself and therefore, no response is required. To the extent a response may be required, Level One denies any restatement, explanation or characterization of that written agreement that is not consistent with its plain language.

15. The allegations of Paragraph 15 relate to the Retainer Agreement, which speaks for itself and therefore, no response is required. To the extent a response may be required, Level One denies any restatement, explanation or characterization of that written agreement that is not consistent with its plain language.

16. The allegations of Paragraph 16 relate to the Retainer Agreement, which speaks for itself and therefore, no response is required. To the extent a response may be required, Level One denies any restatement, explanation or characterization of that written agreement that is not consistent with its plain language.

17. Level One denies the allegations in Paragraph 17.

18. Level One lacks the knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 and therefore, denies the same.

19. Level One denies the allegations in Paragraph 19.

20. Level One denies the allegations in Paragraph 20.

21. Level One denies the allegations in Paragraph 21.

22. Level One lacks the knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore, denies the same.

23. Level One lacks the knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 and therefore, denies the same.

24. Level One denies the allegations in Paragraph 24.

25. Level One lacks the knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and therefore, denies the same.

26. Level One denies the allegations in Paragraph 26.

27. Level One denies the allegations in Paragraph 27.

28. Level One denies the allegation "[a]s a result of defendant's inaction." Level One lacks the knowledge and information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and therefore, denies the same.

29. Level One lacks the knowledge and information sufficient to form a belief as to the truth or falsity of the allegations regarding "Plaintiff's frustration" and therefore, denies the same. Level One denies the remaining allegations in Paragraph 29.

30. The allegations of Paragraph 30 relate to a written document, which speaks for itself and therefore, no response is required. To the extent a response may be required, Level One denies any restatement, explanation or characterization of that written document that is not consistent with its plain language.

31. Level One denies the allegations in Paragraph 31.

32. Level One denies the allegations in Paragraph 32.

33. Level One denies the allegations in Paragraph 33.

**COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**
**Violations of CROA § 1679b(a)(3)**

34. As to Paragraph 34, Level One incorporates and restates its answers to paragraphs 1 through 33 of this Amended Complaint as its answer to this paragraph as though fully restated herein.

35. Paragraph 35 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

36. Paragraph 36 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

37. Paragraph 37 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

38. Level One denies the allegations in Paragraph 38, including that it is subject to CROA.

**COUNT II – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**
**Violations of CROA § 1679b(a)(4)**

39. Paragraph 39 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

40. Level One denies the allegations in Paragraph 40, including that it is subject to CROA.

**COUNT III – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**
**Violations of CROA § 1679b(b)**

41. Paragraph 41 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

42. Level One denies the allegations in Paragraph 42, including that it is subject to CROA.

**COUNT IV – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT**
**Violations of CROA § 1679d**

43. Paragraph 43 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

44. Level One denies the allegations in Paragraph 44, including that it is subject to CROA.

45. Level One denies the allegations in Paragraph 45.

## COUNT V – VIOLATIONS OF THE TENNESSEE CONSUMER PROTECTION ACT

46. Paragraph 46 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

47. Paragraph 47 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

48. Paragraph 48 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

49. Paragraph 49 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

50. Level One denies the allegations of Paragraph 50, including that it is subject to the TCPA.

51. Level One admits that it disclosed to Plaintiff that her credit score would be negatively impacted. Level One denies the remaining allegations of Paragraph 51, including that it is subject to the TCPA.

52. Level One denies the allegations of Paragraph 52, including that it is subject to the TCPA.

53. Level One denies the allegations of Paragraph 53.

**COUNT IV – FRAUD**

54. This paragraph asserts legal conclusions to which no answer is required. To the extent Paragraph 54 contains factual allegations, Level One denies them.

55. Level One denies the allegations in Paragraph 55.

56. Level One admits that it disclosed to Plaintiff that her credit score would be negatively impacted. Level One denies the remaining allegations of Paragraph 56, including that it is subject to the TCPA.

57. Level One denies the allegations in Paragraph 57.

58. Level One denies the allegations in Paragraph 58.

59. Level One denies the allegations in Paragraph 59.

**COUNT VII – NEGLIGENT MISREPRESENTATION**

60. Paragraph 60 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

61. Level One denies the allegations in Paragraph 61.

62. Level One admits that it disclosed to Plaintiff that her credit score would be negatively impacted. Level One denies the remaining allegations of paragraph 62.

63. Level One denies the allegations in Paragraph 63.

64. Level One denies the allegations in Paragraph 64.

**COUNT VIII – LEGAL MALPRACTICE**

65. Paragraph 65 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

66. As stated, Level One denies the allegations in Paragraph 66. Further answering, Level One admits that it entered into a Retainer Agreement with Plaintiff for legal services on or around May 2023. The allegations of Paragraph 66 regarding the terms of that contract relate to a written agreement that speaks for itself and therefore, no response is required. To the extent a response may be required, Level One denies any restatement, explanation or characterization of that written agreement that is not consistent with its plain language.

67. Paragraph 67 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

68. Paragraph 68 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

69. Level One denies the allegations in Paragraph 69.

70. Level One denies the allegations in Paragraph 70.

71. Level One denies the allegations in Paragraph 71.

**COUNT IX – BREACH OF CONTRACT**

72. Level One admits that it entered into a Retainer Agreement with Plaintiff. The allegations of Paragraph 72 regarding the terms of that contract relate to a written agreement that speaks for itself and therefore, no response is required. To the extent a response may be required, Level One denies any restatement, explanation or characterization of that written agreement that is not consistent with its plain language.

73. Paragraph 73 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

74. Level One denies the allegations in Paragraph 74.

75. Level One denies the allegations in Paragraph 75.

**COUNT X – BREACH OF FIDUCIARY DUTY**

76. Paragraph 76 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

77. Paragraph 77 asserts legal conclusions to which no answer is required. To the extent this paragraph contains factual allegations, Level One denies them.

78. Level One denies the allegations in Paragraph 78.

79. Level One denies the allegations in Paragraph 79.

80. Level One denies the allegations in Paragraph 80.

**WHEREFORE**, Level One denies that Plaintiff is entitled to any of the relief requested in the Complaint and asks the Court to enter judgment in Level One's favor, award Level One its costs, and provide any other relief as it deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state any claim upon which relief can be granted.

### Second Affirmative Defense

The Credit Repair Organizations Act does not apply to Level One because, among other reasons, it is not a "credit repair organization" as defined by the Act.

### Third Affirmative Defense

The Tennessee Consumer Protection Act does not apply to Level One because it is a law firm with licensed attorneys.

**Fourth Affirmative Defense**

Plaintiff's claims are barred by separation of powers principles, as the Tennessee Supreme Court has exclusive jurisdiction to regulate the practice of law.

**Fifth Affirmative Defense**

The Amended Complaint may be barred by the doctrines of acquiescence, waiver, estoppel, and ratification.

**Sixth Affirmative Defense**

The Amended Complaint may be barred or reduced for failure to mitigate alleged damages.

**Seventh Affirmative Defense**

The Amended Complaint may be barred, in whole or in part, by the economic loss and/or voluntary payment doctrine.

**Eighth Affirmative Defense**

The Amended Complaint may be barred, in whole or in part, because the alleged damages have no causal relationship or connection to any act or omission by Level One.

**Ninth Affirmative Defense**

Level One reserves the right to add additional affirmative defenses or amend, modify, or supplement the above affirmative defenses.

**WHEREFORE**, Level One respectfully requests that all claims asserted in Plaintiff's Amended Complaint be dismissed in their entirety and that Level One be awarded the costs incurred in responding.

Dated: May 16, 2025

Respectfully submitted,

*/s/Heather L. Kramer*
Heather L. Kramer (*PHV*)
Rathje Woodward LLC
300 E. Roosevelt Road, Suite 220
Wheaton, IL 60187
Ph: (630) 668-8500
Fax: (630) 668-9218
Email: hkramer@rathjelaw.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I, Heather L. Kramer, an attorney, certify that I caused a copy of the foregoing ***Defendant's Answer to Amended Complaint and Affirmative Defenses*** to be served via ECF on all counsel of record this 16th day of May 2025.

*/s/ Heather L. Kramer*