UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUBY E. PINEDA,

    Plaintiff,

v.                                         Case No. 8:25-cv-587-CPT

MICHEL LAW, LLC,

    Defendant.
_____/

**O R D E R**

Before the Court is Plaintiff Ruby Pineda's construed motion for the entry of a clerk's default. (Doc. 37). For the reasons discussed below, Pineda's motion is granted.

On July 3, 2025, the Court issued an Order authorizing attorney Heather L. Kramer to withdraw as counsel for Defendant Michel Law, LLC d/b/a Level One Law (Level One). (Doc. 34). In its Order, the Court also instructed Level One to file a notice by August 4, 2025, informing the Court whether Level One had retained a new lawyer and, if so, the name, business address, email address, and telephone number of such counsel. *Id.* The Court reminded Level One in this respect that because it was a limited liability company, it could not proceed pro se and must instead be represented by an attorney. *Id.* (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385

(11th Cir. 1985)); *see also Music, Inc. v. Blood Hound Brew, LLC*, 2014 WL 12623799, at *1 (M.D. Fla. Dec. 3, 2014) ("[A] corporation, including a limited liability company, may appear and be heard only through counsel admitted to practice in this [c]ourt[.]"). In light of this restriction, the Court cautioned Level One "that a failure to obtain successor counsel m[ight] result in a default being entered against it." *Id.*

Level One did not submit the required notice by the Court's deadline, which prompted the Court to enter another Order on August 11, 2025, extending the deadline. (Doc. 35). The Court did so out of an abundance of caution to ensure that Level One had sufficient time to comply with the Court's directive. Rather than abide by the Court's instruction, however, a member of Level One—who did not identify herself as a lawyer—sent a letter to the Court stating that Level One "d[id] not have the resources to obtain new counsel" and "w[ould] not be obtaining new counsel in this matter." (Doc. 36).

There are several problems with the Level One member's correspondence. To begin, the Court's Local Rules prohibit a party from "us[ing] a letter . . . to request relief or to respond to a request for relief." M.D. Fla. R. 3.01(j). Furthermore, the Level One member—who does not appear to be a barred attorney—cannot serve as the company's representative. *See Simon v. Leaderscape LLC*, 2007 WL 3171359, at * 1 (S.D. Fla. Oct. 25, 2007) ("[I]t is well-settled that . . . a corporation cannot be represented in a legal action by a non-lawyer employee, officer[,] or shareholder."). And lastly, the letter does not provide any authority for the proposition that a limited liability company can rely on its alleged poverty as a ground for not securing counsel.

2

*Cf. Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02, 203 (1993) (commenting that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel," and that poverty is a "human condition" which is not applicable to "artificial entities") (citations omitted). Given these concerns, the Court finds that Pineda's construed motion for a clerk's default against Level One is warranted. *See Piper v. Metro Solutions, LLC*, 2020 WL 12772342, at *1 (M.D. Fla. June 18, 2020) (authorizing the entry of a clerk's default against a limited liability company after it failed to timely retain successor counsel) (citations omitted); *Armadillo Dist. Enter., Inc. v. Hai Yun Musical Instruments Manufacture Co. Ltd.*, 8:12-cv-1839-CEH-EJ, (Doc. 78) (M.D. Fla. June 23, 2015) (directing the entry of a clerk's default against a defendant who failed to obtain successor counsel despite the court's warnings that the defendant do so) (citations omitted).

    Based upon the foregoing, it is hereby ORDERED:

    1.    Pineda's construed motion for a clerk's default (Doc. 37) is granted, and the Clerk of Court shall therefore enter a default against Level One.

    2.    No later than October 1, 2025, Pineda shall serve a copy of this Order on Level One and shall also file a notice of compliance with this directive.

    3.    Within thirty-five days after entry of a default, Pineda shall file a properly supported motion for a default judgment against Level One. *See* M.D. Fla. R. 1.10(c).

SO ORDERED in Tampa, Florida, this 24th day of September 2025.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record
Defendant Michel Law, LLC