**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| RUBY E. PINEDA,<br><br>Plaintiff,<br><br>v.<br><br>MICHEL LAW, LLC, d/b/a LEVEL ONE LAW,<br><br>Defendant. | Case No. 8:25-cv-00587-CEH-CPT |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENTAGAINST MICHEL LAW, LLC D/B/A LEVEL ONE LAW**

**NOW COMES** RUBY E. PINEDA ("Plaintiff") by and through her undersigned attorney and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, requesting that this Honorable Court enter a Default Judgment against MICHEL LAW, LLC D/B/A LEVEL ONE LAW, ("Defendant") and in support thereof, states the following:

1. On March 12, 2025, Plaintiff filed a Complaint against Defendant seeking redress for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 et seq., the Tennessee Consumer Protection Act ("TCPA"), Tenn. Code § 47-18-104 et seq., fraud, negligent misrepresentation, legal malpractice, breach of contract, and breach of fiduciary duty by engaging in the following conduct [Dkt. 1].

2. Plaintiff's well pleaded allegations support a finding of liability against Defendant.

3. Plaintiff seeks redress for violations of the Credit Repair Organizations Act ("CROA"), 15 U.S.C. § 1679 *et seq*. The CROA is a broad remedial statute, the passage of which expresses congressional intent "for courts to *broadly* construe its provisions in accordance with its remedial purpose," including construing the statute "*liberally* in favor of consumers." *Stout v. FreeScore*, LLC, 743 F.3d 680, 684 (9th Cir. 2014); *Day v. Persels & Assocs., LLC*, 2015 U.S. Dist. LEXIS 11447, at *46 (M.D. Fla. 2015) (emphasis added). The CROA defines credit repair organization as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (**or represent that such person can or will sell, provide, or perform**) **any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of** –
>
> (i) **improving any consumer' credit record, credit history, or credit rating; or**,
> (ii) **providing advice or assistance** to any consumer with regard to any activity or service described in clause (i). 15 U.S.C. §§ 1679a(3)(A)(i)-(ii).

During a pre-enrollment call, Defendant's representative represented it could improve Plaintiff's credit score and Plaintiff relied on those representations, thus subjecting Defendant to the CROA. [Dkt.1].

Section 1679b(a)(3) of the CROA prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." 15 U.S.C. §1679b(a)(3). Section 1679b(a)(4) of the CROA prohibits any person from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization." 15 U.S.C. §1679b(a)(4). Defendant violated

§§1679b(a)(3) and (4) of the CROA by falsely and misleadingly representing to Plaintiff that Defendant's program could improve her credit. [Dkt. 1]. Defendant violated § 1679b(b) by charging Plaintiff for services, such as resolving Plaintiff's debts and improving Plaintiff's credit scores, prior to completing performance of the same. [*Id.*] Section 1679d(b)(4) of the CROA outlines various requirements for the contracts between credit repair organizations and consumers, including "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows:

> "You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.

Defendant violated §1692d(b)(4) of the CROA by failing to provide the required disclosure. [Dkt. 1.]

4. The TCPA, pursuant to Tenn. Code § 47-18-104(a), broadly prohibits unfair or deceptive acts or practices in consumer transactions. Defendant violated Tenn. Code § 47-18-104(a) by (1) failing to pay Plaintiff's creditors with the funds that Plaintiff paid into the debt settlement program; (2) failing to provide legal and debt settlement services that it was contractually obligated to provide; (3) failing to promptly communicate with Plaintiff's creditors in an effort resolve Plaintiff's debts; (4) failing to resolve Plaintiff's debts or improve Plaintiff's credit score; and (5) putting its financial interests ahead of Plaintiff's interests.

5. The elements of a fraud claim are elements of fraud are: (1) an intentional misrepresentation of an (1) an intentional misrepresentation of an existing material

fact, (2) knowledge of the representation's falsity, (3) an injury caused by reasonable reliance on the misrepresentation, and (4) the requirement that the misrepresentation involve a past or existing fact. *Lopez v. Taylor*, 195 S.W.3d 627 (Tenn. Ct. App. 2005). Despite knowing its program could not improve Plaintiff's credit score, as the program required Plaintiff to stop making payments on her debts, Defendant still falsely represented to Plaintiff its program would improve her credit, causing both harm to Plaintiff's credit and financial loss. [Dkt. 1]. This satisfies all of the factors put forth by *Lopez*.

6. The elements of a negligent misrepresentation claim are: (1) that the defendant was acting in the course of its business, profession, or employment, (2) that the defendant supplied false information for the guidance of others in its business transactions, (3) that the defendant failed to exercise reasonable care in obtaining or communicating the information, and (4) that the plaintiff justifiably relied on the information. *Sears v. Gregory*, 146 S.W.3d 610, 621 (Tenn. Ct. App. 2004) (citing *John Martin Co. v. Morse/Diesel, Inc.*, 819 S.W.2d 428, 431 (Tenn. 1991)). This misrepresentations regarding Plaintiff's credit as stated *supra* fulfill all requirements to prevail on a claim of negligent misrepresentation.

7. The elements for legal malpractice based on negligence are: (1) a duty of care owed by the attorney to the plaintiff; (2) a breach of that duty by the attorney; (3) an injury or loss suffered by the plaintiff; (4) causation in fact, meaning the attorney's breach caused the injury; and (5) proximate cause. *Jones v. Allman,* 588 S.W.3d 649 (Tenn. Ct. App. 2019). The parties entered into an attorney-client relationship on or

around September of 2022 when Defendant agreed to provide legal representation and debt resolution services to Plaintiff. [Dkt. 1.] The professional duty requires the attorney to exercise the ordinary care, skill, and diligence commonly possessed and practiced by attorneys throughout the state. *Chapman v. Bearfield*, 207 S.W.3d 736 (Tenn. 2006). Despite having adequate funds, Defendant failed to engage with Plaintiff's creditors and resolve her debts. Defendant further promised to improve Plaintiff's credit score, despite promising Plaintiff it would improve. This directly resulted in the financial loss of Defendant taking unearned fees and a decrease to Plaintiff's credit. [Dkt. 1.]

8. The elements of breach of contract are (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of contract, and (3) damages caused by the breach of the contract. *Tenn. Homes v. Welch*, 664 S.W.3d 1 (Tenn. Ct. App. 2022). Despite the contract, Defendant chronically failed to engage the vast majority of Plaintiff's creditors in settlement discussions, which resulted in Plaintiff's creditors hounding Plaintiff for payments. [Dkt. 1.] Defendant also failed to resolve over 90% of Plaintiff's debts, taking unearned fees. [Dkt. 1.] Defendant breached its contract, *inter alia*, by failing to contact Plaintiff's creditors in an effort resolve Plaintiff's debts and pocketing unearned fees and fees not authorized by the contract.

9. The Tennessee Supreme Court stated that Attorney-Client relationships are "fiduciary relationships of the highest character." *Can Do Pension & Profit Sharing Plan & Successor Plans v. Manier, Herod, Hollabaugh & Smith*, 922 S.W.2d 865 (Tenn. 1996). Defendant had this relationship with Plaintiff when Plaintiff retained Defendant as her

attorneys on or around September 2022. [Dkt. 1.] For the reasons states extensively *supra*, Defendant prioritized its own interests and breached its fiduciary relationship to Claimant.

10. On March 24, 2025, service was executed on David Packard, authorized to accept for the Registered Agent Company at the business located at 7901 4th Street North, Suite 300, Sait Petersburg, FL 33702. [Dkt. 9].

11. Defendant's responsive pleading was filed May 16, 2025.

12. On June 18, 2025, Defendant's counsel, Heather L. Kramer, filed a Motion to Withdraw as Attorney. [Dkt. 31]

13. On July 3, 2025, this court granted Defendant's Motion to Withdraw as Attorney and instructed Defendant to inform the Court by August 4, 2025, whether it had retained a new lawyer. [Dkt. 34]

14. On August 11, 2025, this court endorsed an order sua sponte extending the deadline for Defendant to submit the required notice, whether it had retained a new lawyer, no later than August 25, 2025. [Dkt. 35].

15. On September 4, 2025, the Clerk of the Court entered a Default against Defendant. [Dkt. 39].

16. Having gained an Entry of Default against Defendant, Plaintiff now moves this Honorable Court to enter a Default Judgment on a Sum Certain against Defendant and in favor of Plaintiff.

17. Plaintiff seeks to recover actual damages in the amount of $21,054.48 in actual damages as allotted by 15 U.S.C. § 1679g(a)(1) and Tenn. Code § 47-18-109(a)(1).

Pursuant to 15 U.S.C. § 1679g(1)(b), a Plaintiff may recover the amount paid by the person to the credit repair organization. Plaintiff paid approximately $877.27 per month over the course of two years, paying no less than $21,054.48 to Defendant. [Dkt. 1]. Thus, pursuant to the CROA, Plaintiff is entitled to $21,054.48 in damages.

18. Plaintiff seeks to recover her attorney's fees and costs of $8,012.10 as allotted by 15 U.S.C. § 1679g(a)(3) and Tenn. Code § 47-18-109(e)(1). (*see Exhibit A, Affidavit of Maxwell W. Brooks.)*

19. Defendant is aware of the instant proceedings and has willfully chosen not to enter the case despite proper service.

20. Plaintiff requests Default Judgment in the total amount of $29,066.58 be entered in favor of the Plaintiff and against Defendant.

DATED: December 5, 2025

Respectfully submitted,

**RUBY E. PINEDA**

*/s/ Maxwell W. Brooks*
Maxwell W. Brooks, Esq.
Florida Bar No. 1040947
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 x 134
mbrooks@atlaslawcenter.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys for Plaintiff, certifies that December 5, 2025, he caused a copy of the foregoing **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST MICHEL LAW, LLC D/B/A LEVEL ONE LAW,** to be served by U.S. Priority Mail on:

MICHEL LAW, LLC
D/B/A LEVEL ONE LAW.
C/O REGISTERED AGENT
REGISTERED AGENT INC.
7901 4TH STREET NORTH, SUITE 300
ST. PETERSBURG, FL 33702

*/s/ Maxwell W. Brooks*